IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| STEVEN DWAYNE GILBERT | § | |
| VS. | § | CIVIL ACTION NO. 1:22cv219 |
| BRAD LIVINGSTON | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Steven Dwayne Gilbert, an inmate in the Jasper County Jail, proceeding *pro se*, brings this civil rights lawsuit. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Factual Background

Plaintiff complains that he was improperly denied release on mandatory supervision. Plaintiff seeks $80,000 in damages for each year he was improperly imprisoned.

Standard of Review

A lawsuit filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity shall be dismissed pursuant to 28 U.S.C. § 1915A if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff with the opportunity to present additional facts when necessary, the facts alleged therein are clearly baseless or fanciful. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its fact." *Id*. at 570. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Analysis

As stated above, plaintiff seeks monetary damages. For the reasons set forth below, plaintiff's claim must be dismissed.

In order to recover damages for allegedly unconstitutional actions whose unlawfulness would render the duration of a person's imprisonment invalid, a plaintiff must prove that the imprisonment or its duration has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87. A claim for damages based on an imprisonment that has not been so invalidated does not state a

cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove facts which would imply the unlawfulness of the duration of his confinement. *Id*. at 487.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of his confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the proceeding relating to the duration of his confinement has already been invalidated. *Id.*

Plaintiff asserts he was improperly denied release on mandatory supervision. A finding in plaintiff's favor would therefore imply the invalidity of the duration of his confinement. Accordingly, plaintiff would be entitled to proceed with this claim only if the *Heck* requirements regarding a prior finding as to the invalidity of the duration of his confinement were satisfied. As plaintiff does not assert that the *Heck* requirements have been satisfied with respect to the duration of his confinement, *Heck* bars him from receiving money damages.

## Recommendation

This civil rights lawsuit should be dismissed for failing to state a claim upon which relief may be granted.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of fact, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of fact, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved

party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (*en banc*).

SIGNED this 31st day of May, 2022.

_____
Zack Hawthorn
United States Magistrate Judge